UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRSTMERIT BANK, N.A., a nationally chartered bank, as successor in interest to MIDWEST BANK AND TRUST, an Illinois banking corporation,<br><br>      Plaintiff,<br><br>  vs.<br><br>STEWART W. MILLS and BRADLEY P. GDOWSKI, not individually but solely in their capacities as co-Trustees of the J.C.A. GIFT TRUST DATED July 9, 1992,<br><br>      Defendants. | Case No. 11-cv-5386<br><br>Hon. Ruben Castillo<br><br>Magistrate Judge Michael T. Mason |

## FIRSTMERIT BANK, N.A.'S MOTION FOR ENTRY OF FINAL JUDGMENT

Plaintiff FirstMerit Bank ("FirstMerit"), by its attorneys, Foley & Lardner LLP, hereby moves for entry of a final judgment in its favor and against Defendants Stewart W. Mills and Bradley P. Gdowski, not individually but solely in their capacities as co-Trustees of the J.C.A. Gift Trust dated July 9, 1992 ("Defendant"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and in support states as follows:

### FACTUAL AND PROCEDURAL HISTORY

1. On August 9, 2011, FirstMerit filed its Complaint to Enforce Guaranty (the "Complaint") against Defendant. (Dkt. # 1). Defendant was served with Summons and a copy of the Complaint on August 15, 2011. (Dkt. # 6).

2. As set forth in the Complaint, Midwest Bank and Trust Company ("Midwest Bank") gave 1901 Prairie, LLC ("1901 Prairie") a $5,737,500.00 loan on or about February 9, 2009. (Dkt. # 1 at ¶ 8). In exchange for the loan, 1901 Prairie gave Midwest Bank a promissory

note (the "Note"), and Defendant executed and delivered to Midwest Bank a Guaranty. (*Id.* at ¶¶ 8, 10). Pursuant to the Guaranty, Defendant agreed to "unconditionally, absolutely and irrevocably" guarantee payment of the loan, subject to certain limitations. (*Id.* at ¶ 11).

3. The Guaranty limited Defendant's liability to "the payment of One Million Three Hundred Forty-Eight Thousand Three Hundred Twelve and 50/100 Dollars ($1,348,312.50), <u>plus</u> all Enforcement Costs," with certain exceptions. (*Id.* at ¶ 12). Among the exceptions is that Defendant agreed to have "personal liability for the payment of the Additional Liabilities . . . without regard to the limitation of liability set forth above, which amount shall be due and payable to [Midwest Bank] on demand." (*Id.* at ¶ 13). "Additional Liabilities," as defined in the Guaranty, includes, among other things, "all expenses incurred by Midwest Bank in enforcing its rights and remedies under the Guaranty and/or other Loan Documents, with interest at the default rate as defined in the Note."

4. 1901 Prairie failed to make payment of all outstanding principal and interest when due on the maturity date of February 9, 2011. (*Id.* at ¶ 17). Consequently, 1901 Prairie is in default under the terms of the Note, and Defendant is liable under the Guaranty.

5. On February 14, 2011, the Federal Deposit Insurance Corporation, as Receiver for Midwest Bank, assigned all of its rights, title and beneficial interests in, to and under the loan documents, including the Note and Guaranty, to FirstMerit, pursuant to an Assignment of Mortgage (the "Assignment") recorded in the office of the Register of Deeds for Waukesha County, Wisconsin, on February 24, 2011, as Document No. 3819903. (*Id.* at ¶ 15).

6. As alleged in the Complaint, Defendant is liable to FirstMerit for principal, interest and other charges owed under the Note, up to $1,348,312.50, plus all attorneys' fees and

4832-8707-6364.2

costs and other expenses incurred by FirstMerit in enforcing its rights under the Note and Guaranty.

7. On September 29, 2011, this Court entered a default against Defendant for failing to timely appear, answer or otherwise plead to the Complaint, and retained jurisdiction to enter an appropriate, final judgment. (Dkt. # 8).

8. On October 4, 2011, Defendant filed a motion to set aside the order of default and for extension of time to answer or otherwise plead to the Complaint (Dkt. # 10).

9. On January 18, 2012, the Court ordered Defendant to file a brief setting forth Defendant's meritorious legal defenses to the Complaint (Dkt. # 18), and Defendant filed its brief on March 1, 2012 (Dkt. # 19).

10. On June 11, 2012, the Court denied Defendant's motion to set aside the order of default and for extension of time to answer or otherwise plead. (Dkt. # 20). The Court found that "defendants' neglect in this case is not excusable and that defendants' alleged defenses all address appropriate damages and not their undeniable liability for the mortgage loan agreement and promissory note guaranties in this case, which defendants have not disputed signing." (*Id.*).[1]

## **LEGAL STANDARD**

11. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, after entry of default against defendants, a plaintiff may apply to the Court for a final judgment. Fed. R. Civ. P. 55(b)(2); *Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339-40 (7th Cir. 2004).

---

[1] FirstMerit has also filed a foreclosure action against 1901 Prairie in Waukesha County, Wisconsin, to foreclose its mortgage on the real property that also secures the Note. FirstMerit has filed a motion for summary judgment in the foreclosure, which is pending. Should a sale of the Waukesha County property result in a winning bid that is greater than $5,015,025.83 ($6,363,338.33 minus $1,348,312.50), Defendant's liability under the Guaranty will be reduced by the amount above $5,015,025.83.
3

costs and other expenses incurred by FirstMerit in enforcing its rights under the Note and Guaranty.

7. On September 29, 2011, this Court entered a default against Defendant for failing to timely appear, answer or otherwise plead to the Complaint, and retained jurisdiction to enter an appropriate, final judgment. (Dkt. # 8).

8. On October 4, 2011, Defendant filed a motion to set aside the order of default and for extension of time to answer or otherwise plead to the Complaint (Dkt. # 10).

9. On January 18, 2012, the Court ordered Defendant to file a brief setting forth Defendant's meritorious legal defenses to the Complaint (Dkt. # 18), and Defendant filed its brief on March 1, 2012 (Dkt. # 19).

10. On June 11, 2012, the Court denied Defendant's motion to set aside the order of default and for extension of time to answer or otherwise plead. (Dkt. # 20). The Court found that "defendants' neglect in this case is not excusable and that defendants' alleged defenses all address appropriate damages and not their undeniable liability for the mortgage loan agreement and promissory note guaranties in this case, which defendants have not disputed signing." (*Id.*).[1]

## **LEGAL STANDARD**

11. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, after entry of default against defendants, a plaintiff may apply to the Court for a final judgment. Fed. R. Civ. P. 55(b)(2); *Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339-40 (7th Cir. 2004).

---

[1] FirstMerit has also filed a foreclosure action against 1901 Prairie in Waukesha County, Wisconsin, to foreclose its mortgage on the real property that also secures the Note. FirstMerit has filed a motion for summary judgment in the foreclosure, which is pending. Should a sale of the Waukesha County property result in a winning bid that is greater than $5,015,025.83 ($6,363,338.33 minus $1,348,312.50), Defendant's liability under the Guaranty will be reduced by the amount above $5,015,025.83.

4832-8707-6364.2

12. Before entry of a default judgment, the Court may conduct an evidentiary hearing to determine the amount of damages, but need not if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citation omitted).

## FIRSTMERIT'S DAMAGES

13. By virtue of its default, Defendant is deemed to have admitted the allegations in the Complaint, including that it is liable under the Guaranty. *Davis v. Hutchins*, 321 F.3d 641, 648-49 (7th Cir. 2003); *Black v. Lane*, 22 F.3d 1395, 1397 n.4 (7th Cir. 1994). Further, as the Court noted, Defendant did not deny its liability under the Guaranty in its proposed answer to the Complaint. (Dkt. # 20).

14. Based upon the Affidavit of Dan Stokes, attached hereto as Exhibit 1, 1901 Prairie owed $6,328,960.01 as of May 15, 2012. Defendant therefore owes FirstMerit the total amount of $1,348,312.50 pursuant to its Guaranty as of the date of this Motion, not including attorneys' fees and costs or other expenses.

15. Pursuant to Local Rule 54.3, FirstMerit requests that the Court enter an order regarding the filing of a fee motion. In addition to the guaranty to repay $1,348,312.50, Defendant also agreed to reimburse all expenses incurred by FirstMerit in enforcing its rights and remedies under the Loan Documents. As a result, FirstMerit is also entitled to recover its reasonable attorneys' fees and costs incurred in this litigation as well as in the pending mortgage foreclosure action in the Circuit Court of Waukesha County, Wisconsin, captioned as *FirstMerit Bank, N.A. v. 1901 Prairie, L.L.C. et al.*, Case No. 11-CV-3320.

4832-8707-6364.2

16. As of the date of this Motion, Defendant owes FirstMerit a total of $1,348,960.01, plus attorneys' fees and costs that FirstMerit has incurred in enforcing its rights under the Note and Guaranty.

WHEREFORE, Plaintiff FirstMerit Bank, N.A., respectfully requests that this Court (a) grant this Motion; (b) enter a final judgment in favor of FirstMerit Bank, N.A., and against Defendants in the total amount of $1,348,960.01, plus reasonable attorneys' fees and costs as determined pursuant to Local Rule 54.3; and (c) grant such other and further relief as this Court deems just and appropriate.

Dated: July 18, 2012	Respectfully submitted,

FIRSTMERIT BANK, N.A.


　/s/ Thomas C. Hardy_____
One of Its Attorneys

William J. McKenna, Jr. (3124763)
Thomas C. Hardy (6294305)
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
312.832.4500
312.832.4700